[No. 32426. Department One. July 13, 1953.]

MARGARET B. OLSEN, *Appellant*, v. HELEN ROBERTS, *Individually and as Administratrix, Respondent.*[1]

[1]Reported in 259 P. (2d) 418.

*Venables, Ballinger & Clark*, for appellant.

*Ryan, Askren & Mathewson*, for respondent.

MALLERY, J.—A demurrer was sustained to plaintiff's amended complaint, and the action, after failure to plead over, was dismissed. The plaintiff appeals.

The amended complaint alleges that plaintiff and Frederick William Olsen were married in 1914; that an interlocutory decree of divorce was entered in King county in 1941; that, in 1951, defendant Helen Roberts was appointed administratrix of the estate of the now deceased Frederick William Olsen; and

"That in said probate proceedings the plaintiff filed a petition to be awarded her share of the marital community property which was included in said probate proceedings as property of said decedent who was the former husband of the plaintiff, and plaintiff petitioned therein to remove from said estate and the inventory property therein listed a fair and equitable share thereof, and that the same be distributed to plaintiff as her community share of property, which the decedent had wrongfully and fraudulently concealed from her, and *which had not been brought before the Court in the divorce action* hereinafter mentioned between plaintiff and said decedent, and which property was unknown to plaintiff or within the contemplation or consideration of the plaintiff and the decedent, *or in any manner disposed of by the Interlocutory Order or Decree of Divorce* hereinafter mentioned. . . .

"That this action is brought to recover one-half of the marital community property of the parties, plaintiff and defendant, in said divorce action which they had accumulated

and owned during their marriage or the property acquired from the proceeds or exchange thereof or that is held in the estate of said decedent that was obtained from said marital community property, which was not disclosed or the values or extent thereof disclosed by the decedent, and which was fraudulently concealed by him at the time of making said purported property settlement and stipulation concerning the marital community assets of the plaintiff and said decedent in said divorce action. That said property herein referred to and which was not disclosed or was not disclosed as to true values or as to the extent thereof, and which is in the estate of the said decedent, and in which the plaintiff herein has an undivided marital community interest, and which, except for the false representations and concealment of and by the decedent, would have been equitably and equally divided between the plaintiff and the said decedent, now consists of the following: . . .

"WHEREFORE, plaintiff prays for judgment herein against the defendant for her community interest in the property, listed and contained in the estate in probate of Frederick William Olsen, deceased, and for an accounting of the proceeds and accumulations of the property of the marital community of the plaintiff and said decedent, which were fraudulently concealed or not disclosed as to value or amount or contained in the settlement and division of the property between the plaintiff and said decedent; and that an accounting be had, and the court render judgment herein, equitably and fairly dividing the community property of the plaintiff and said decedent, and for plaintiff's costs and disbursements herein, and for such further relief as may be deemed just and equitable in the premises."

▇▇▇▇ These allegations state a cause of action under the rule of *Ambrose v. Moore*, 46 Wash. 463, 90 Pac. 588, and *Sears v. Rusden*, 39 Wn. (2d) 412, 235 P. (2d) 819, which held that community property not disposed of in the decree of divorce becomes the property of the former spouses as tenants in common. Of course, an action for partition will lie by a tenant in common.

▇▇▇▇ The defendant herein asserts that

"The appellant brought this suit against the estate of her former husband, now deceased, seeking to modify a property settlement award made in a former divorce action . . ."

We do not view the amended complaint herein as seeking to modify a divorce decree with regard to the property settlement, but consider it as an action for the partition of property between tenants in common.

Allegations of fraudulent concealment of community property in the divorce action, by the deceased husband, do not make the instant action sound in fraud. The reason why the court did not dispose of the community property in the divorce proceeding is immaterial. In any event, such former community property simply becomes the property of the parties as tenants in common. The amended complaint does not attack the divorce decree for fraud, but, instead, seeks to reach property outside of the court's decree.

The defendant contends that the amended complaint

". . . fails to allege that the claim was filed in the probate proceedings within six months after the date of first publication of notice to creditors . . ."

3 Bancroft's Probate Practice (2d ed.) 512, 526, §§ 772, 778, says:

"To constitute a claim against the estate of a deceased person, an obligation must consist of a debt incurred by or for the decedent during his lifetime.

"Where, on the other hand, the recovery of specific property is sought on the ground that such property is impressed with a trust for the benefit of the person claiming it, and the particular property is properly identified or traced, the matter is not one of claimed indebtedness but of an assertion that the particular property is no part of the general assets of the estate. No claim, therefore, need be presented in such case as a condition to action to recover the property or impress it with the trust."

21 Am. Jur. 579, § 348, states the rule as follows:

"On the other hand, presentation of a claim or demand has been held unnecessary in actions . . . for the recovery of specific property."

The petition herein is not a claim for a debt, nor is the plaintiff a creditor. Plaintiff's complaint specifically lists each item of property in question and prays for her share thereof. The action is in effect one for the partition of

specific property. The result of the action for partition will be to exclude from the inventory of the property of the estate the plaintiff's part of the specified property now held as tenants in common.

We think the rule of *Smith v. Fitch*, 25 Wn. (2d) 619, 171 P. (2d) 682, applies to the instant case. It was an action by a trust beneficiary against a trustee wherein the court held that claims need not be filed in actions for specific property.

Defendant contends that the allegation that the property in question was not disposed of by the divorce decree is a mere conclusion, and that plaintiff should be required to set out the decree and pleadings of the divorce action in full. We do not agree.

The judgment is reversed.

GRADY, C. J., HILL, WEAVER, and OLSON, JJ., concur.

---

October 9, 1953. Petition for rehearing denied.