[No. 35913. Department One. October 11, 1961.]

BESS M. SMITH, *Respondent,* v. CLAIRE WHEELER MCLAREN, *as Administratrix, Appellant.*\*

\*Reported in 365 P. (2d) 331.

*Claire Wheeler McLaren,* pro se.

*Pinckney M. Rohrback* and *Kahin, Carmody & Horswill,* for respondent.

ROSELLINI, J.—The respondent married Marvin Davis on May 17, 1943. On April 4, 1945, they purchased a home in West Seattle and gave a note and mortgage in the amount of eighteen hundred dollars for the balance of the purchase price. On November 5, 1948, they went to the office of an attorney and signed a stipulation for property settlement, and the respondent signed a complaint for divorce. The stipulation described the home as community property and gave the husband the right to live in it until it could be sold, provided that, in lieu of rental, he pay all installments which would become due on the property. When the property was sold, the proceeds were to be divided equally between the parties. This stipulation was filed in the divorce proceeding. The final decree of divorce, which was granted April 1, 1950, did not refer to the property of the parties; but one of the findings of fact was that they had adjusted their property interests by mutual agreement.

Following the divorce, Marvin Davis continued to live in the home until his death on October 2, 1958. He remained friendly with the respondent and they saw each other frequently.

After his death, the home was occupied by his son, Duane G. Davis, who died less than a year later. The administratrix of the son's estate, the appellant, sold the property, accepted the entire purchase price and gave possession to the seller. The title report revealed the interest of the respondent. The appellant wrote to her, enclosing a check for ten dollars and asking for a quitclaim deed. The respondent agreed to give the deed in order to clear the title and protect the sale; and the appellant agreed to deposit one half of the proceeds in court, to stand in lieu of the

property, with the understanding that the respondent would bring an action to have her interest in the property adjudicated. This was done, and the present action followed, resulting in a judgment upholding the respondent's claim of a one-half interest in the proceeds.

The appellant contends that the judgment was erroneous and that her motion to dismiss the complaint should have been granted because no creditor's claim was filed in either of the estates. This is not an action by a creditor of the estate. Community property not disposed of in the decree of divorce becomes the property of the former spouses as tenants in common. *Olsen v. Roberts,* 42 Wn. (2d) 862, 259 P. (2d) 418; *Northwestern Life Ins. Co. v. Perrigo,* 47 Wn. (2d) 291, 287 P. (2d) 334. In this case, it was also the agreement of the parties that the property should be held by them as tenants in common. The respondent does not claim that the estate is indebted to her, but rather seeks to establish her interest in specific property and to exclude it from the inventory of the estate. As we said in *Olsen v. Roberts, supra,* the filing of a creditor's claim is not a condition precedent to an action by a former spouse to recover his or her share of community property accumulated during the marriage, which was not disposed of by the decree.

The appellant states that the respondent lost her rights through laches, abandonment, adverse possession, estoppel, waiver, and surrender. We do not find in the evidence facts which would be sufficient, if believed, to establish any of these defenses. A mere recital of possible defenses is not proof of their existence and cannot take the place of evidence.

The uncontradicted evidence of the respondent was that she remained on friendly terms with Marvin Davis after their divorce, that he wanted to continue to live in the house and that she was willing for him to do so, that he had expressed his desire that she have the property, and had led her to believe that he would make provision for her to have his interest at his death, and that neither party made any effort to sell the house. There was no evidence

that Marvin Davis ever asserted a claim adverse to the respondent's interest in the property, or that the respondent ever did or said anything inconsistent with the claim which she asserts in this action. There was, in short, no evidence of any act, statement, or inaction of the respondent which would operate, in law or equity, to deprive her of her interest in the property. See *Fritch v. Fritch,* 53 Wn. (2d) 496, 335 P. (2d) 43.

The appellant also claims that she was entitled to certain setoffs. As the trial court found, she offered no competent evidence of the value of these claimed setoffs and therefore failed to sustain her burden of proof.

It is suggested that because the property was listed in the inventory of Marvin Davis' estate, the decree of distribution vested title in the estate to the respondent's interest in the property. The rule is that the decree of distribution passes title only to property owned by the decedent, and the inventorying as an asset in the estate of property belonging to others does not create title. *Mezere v. Flory,* 26 Wn. (2d) 274, 173 P. (2d) 776.

We have reviewed the other contentions of the appellant and find them equally without merit. It would serve no useful purpose to prolong this opinion by setting them forth herein.

The judgment is affirmed.

FINLEY, C. J., HILL, WEAVER, and FOSTER, JJ., concur.