[No. 41641-7-II.   Division Two.   May 8, 2012.]

JULIE WITT, *Respondent*, v. RONALD D. YOUNG, *as Personal Representative*, ET AL., *Petitioners*.

*William H. Dunn Jr.*, for petitioners.

*Brian A. Walker* (of *Brian Walker Law Firm PC*), for respondent.

¶1 JOHANSON, J. — Ronald Young, the personal representative of Danny Merle Young's estate (Estate), challenges the trial court's denial of the Estate's summary judgment motion seeking dismissal of Julie Witt's complaint against the Estate. Witt's complaint alleged that a portion of the Estate's property was her property based on a long-term,

committed, intimate relationship.[1] The Estate argues that Witt's complaint was barred by the nonclaim statute, RCW 11.40.010, because Witt failed to comply with RCW 11.40.100(1)[2] when she filed suit more than 30 days after the Estate rejected her creditor's claim. Because Witt's complaint did not involve a claim against the decedent, we affirm.

## FACTS

¶2 In 1992, at a point when neither had any real property or significant personal property, Danny Merle Young and Julie Witt met, started a relationship, and began living together.[3] Although they never married, Young and Witt held themselves out to the public as a married couple.

¶3 During the relationship, Young received disability income and Witt worked. Also during their relationship, they acquired and maintained a home on 15 acres,[4] several vehicles, tools, and various household furnishings.

¶4 Young died intestate on September 26, 2009. Young's brother Ronald Young was appointed as the personal representative of Young's estate. According to the Estate, on March 16, 2010, Witt filed a "Creditor's Claim" in the estate

---

[1] A "committed, intimate relationship" is a "stable, marital-like relationship where both parties cohabit with knowledge that a lawful marriage between them does not exist." *Connell v. Francisco*, 127 Wn.2d 339, 346, 898 P.2d 831 (1995); *see also Olver v. Fowler*, 161 Wn.2d 655, 657 n.1, 168 P.3d 348 (2007). Such relationships were formerly known as "meretricious" relationships. *Olver*, 161 Wn.2d at 657 n.1.

[2] RCW 11.40.100(1) provides in part:

If the personal representative rejects a claim, in whole or in part, the claimant must bring suit against the personal representative within thirty days after notification of rejection or the claim is forever barred.

[3] Because this case involves a summary judgment motion that required the trial court to take the facts in the light most favorable to the nonmoving party, here Witt, some of the facts in this section have been drawn from Witt's complaint and her response to the motion for summary judgment. *See Viking Props., Inc. v. Holm*, 155 Wn.2d 112, 119, 118 P.3d 322 (2005).

[4] The record suggests that Young may have inherited the home or a partial interest in the home.

proceedings, asserting that she had been in a committed, intimate relationship with Young and that she therefore had an equitable claim on all of Young's real and personal property.[5] Clerk's Papers (CP) at 9. On March 29, the Estate rejected Witt's claim.[6] The rejection notice stated "that, unless suit was brought on the claim within thirty days of service of the Rejection, the Claim would be forever barred."[7] CP at 9.

¶5 On June 16, more than 30 days after the Estate rejected Witt's claim, she filed a "Complaint for Partition of Real and Personal Property" against the Estate.[8] CP at 3

---

[5] Although Witt attached a copy of her claim as an exhibit to her brief, *see* Br. of Resp't, Ex. 7, this document has not been included in the clerk's papers, and Witt's attachment is not properly before us. But the Estate's counsel alleged in his declaration supporting the motion for summary judgment that Witt filed a "Creditor's Claim" on March 16, 2010. Clerk's Papers at 9.

[6] Again, although Witt has attached a copy of this document to her brief, *see* Br. of Resp't, Ex. 8, the actual rejection notice is not in the record and the attachment is not properly before us. The Estate's counsel describes this document in his declaration supporting the motion for summary judgment.

[7] On March 12, Ronald Young and Witt agreed that Witt would vacate the real property she had shared with Young and that she would remove her personal belongings from the property. This agreement stated in part:

> Ronald D. Young, plaintiff, and Julie Witt, defendant, through their respective attorneys, hereby stipulate and agree as follows:
> 1.   Julie Witt and all other persons residing on the subject premises shall completely vacate the same and shall remove all of their personal belongings therefrom on or before April 1, 2010.
> [2].   They shall leave remaining on the property all appliances, furniture, household goods, personal effects and vehicles belongings [sic] of the late Danny Young. *Julie Witt's vacation of the property shall not be deemed a waiver of her claim that she has an interest in all of both the real and personal property at the subject location.*

*See* CP at 27-28 (emphasis added). Witt now asserts that the italicized portion of this agreement shows that the Estate "[a]cknowledged" her claim when it signed this agreement and that claim preclusion therefore applies. Br. of Resp't at 10. But the language of the agreement clearly states that the parties agreed that Witt's vacation of the property could not be deemed a waiver of her claim, not that the Estate conceded that Witt's claim had merit. Accordingly, Witt's argument on this point fails.

[8] Witt also alleges that she filed a "Petition to Establish Interest in Estate" on April 30, 2010, and attaches a copy of that document as an exhibit to her brief. Br. of Resp't at 6, Ex. 9. But, again, that document is not properly before us, and we do not consider it in this appeal.

(some capitalization omitted). In her complaint, Witt argued that by virtue of her committed, intimate relationship with Young, she had an interest in all personal and real property acquired by either or both of them during their relationship, that they were "tenants in common in all personal and real property acquired by them both" during their relationship, and that she was "entitled to an equitable share of all personal and real property acquired by either or both of them" during their relationship. CP at 5.

¶6 The Estate filed a motion for summary judgment, seeking to dismiss Witt's complaint. It argued that Witt's complaint was untimely under RCW 11.40.100(1) and, therefore, the nonclaim statute barred it. Witt responded that she had a "vested interest" in "one-half" of the property the Estate claimed based on her "marital-like relationship" with Young, which created a "quasi community property estate." CP at 14-15. And she argued that the Estate could not claim property that belonged to her rather than to Young. The Estate replied that case law clearly established that the nonclaim statute applied to all claims against the Estate and asserted that Witt had not claimed an interest in any specific property. It also noted that other cases have considered similar claims "in the context of a duly filed creditor's claim." CP at 16. The trial court orally denied the motion for summary judgment.

¶7 The Estate then moved for reconsideration based on additional facts that it alleged "prove[d] that [Witt] does not have any interest in any of the assets of the estate." CP at 29. The Estate also directed the trial court to *Davis v. Shepard*, 135 Wash. 124, 237 P. 21 (1925), asserting that this case established that the nonclaim statute applied when the property at issue " 'is confused with' " a trustee's property to the extent that its identity is lost and the claimant effectively becomes the same as a general creditor, to whom the nonclaim statute applies. CP at 30 (quoting *Davis*, 135 Wash. at 128).

¶8 The trial court issued a written order denying both the summary judgment motion and the motion for recon-

sideration. The trial court then certified this case for discretionary review under RAP 2.3(b)(4), and the Estate moved for discretionary review. We granted discretionary review.

## ANALYSIS

¶9 The Estate argues that the trial court erred in denying the motion for summary judgment because (1) an allegation of an interest in the Estate's property based on a committed, intimate relationship with the decedent is a " 'claim against decedent' within the meaning of RCW 11.40.010" and (2) Witt's claim was therefore untimely under the nonclaim statute. Br. of Appellant at 8. We disagree.

### I. STANDARD OF REVIEW

¶10 We review a trial court's summary judgment order de novo to determine whether, taking all the facts and reasonable inferences from those facts in the light most favorable to the nonmoving party, there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. *Hertog v. City of Seattle*, 138 Wn.2d 265, 275, 979 P.2d 400 (1999) (citing *Taggart v. State*, 118 Wn.2d 195, 199, 822 P.2d 243 (1992)).

### II. NONCLAIM STATUTE DOES NOT APPLY

¶11 The Estate argues that Witt's claim based on her committed, intimate relationship with Young is the equivalent of a creditor's claim; the nonclaim statute, RCW 11.40.010 applies; and Witt's failure to comply with RCW 11.40.100(1) therefore precludes her claim. We disagree.

¶12 RCW 11.40.010 provides in part:

A person having *a claim against the decedent* may not maintain an action on the claim unless a personal representative has

been appointed and the claimant has presented the claim as set forth in this chapter.

(Emphasis added.) Thus, to establish that the nonclaim statute applies to Witt's claim, the Estate must show that the claim is a "claim against the decedent." RCW 11.40.010. This it fails to do.

## A. Property Rights Based on a Committed, Intimate Relationship

¶13 First, as a preliminary matter, *Olver v. Fowler*, 161 Wn.2d 655, 168 P.3d 348 (2007), establishes that Witt potentially has property rights in the property that she and Young acquired over the course of their relationship. In *Olver*, our Supreme Court held that community property law applied by analogy when evaluating the property rights of a deceased partner of a committed, intimate relationship. *Olver*, 161 Wn.2d at 670-71. It stated, "The death of one or both partners does not extinguish that right; [the deceased's] estate merely steps into [the deceased partner's] shoes." *Olver*, 161 Wn.2d at 670-71. The Estate argues that *Olver* is not applicable because the claimant in that case brought the claim as a challenge to the inventory the estate filed and "[n]o violation of the nonclaim statute was alleged or invoked." Appellant's Reply Br. at 8. But Witt's filing clearly identifies itself as a "Complaint for Partition of Real and Personal Property" against the Estate. CP at 3. And the Estate cites no authority establishing that Witt cannot bring a partition action solely because she originally filed a creditor's claim.

¶14 The Estate also argues that marriage and committed, intimate relationships are not treated the same under the law. The Estate cites *Connell v. Francisco*, 127 Wn.2d 339, 348-49, 898 P.2d 831 (1995), for the premise that the laws related to distribution of marital property do not apply directly to the division of property when a committed, intimate relationship ends. The Estate is cor-

rect that the laws related to the distribution of marital property apply to committed, intimate relationships by analogy and that there may be subtle differences in their applications. But it is clear that these laws can and do offer "guidance." *Connell*, 127 Wn.2d at 349. The *Connell* court limited the application of community property law to property the parties acquired during the relationship. But this has nothing to do with whether Witt's claim was a "claim against the decedent." RCW 11.40.010. It is, instead, an issue of how to characterize the property that can be addressed if Witt is allowed to pursue her claim for partition.

## B. Not a Claim against the Decedent

¶15 *Smith v. McLaren*, 58 Wn.2d 907, 909, 365 P.2d 331 (1961), and *Olsen v. Roberts*, 42 Wn.2d 862, 865-66, 259 P.2d 418 (1953), establish that Witt's claim is not a "claim against the decedent" subject to the nonclaim statute based on Witt's alleged failure to comply with RCW 11.40.100(1). *Smith* and *Olsen* both hold that a claim for property as a tenant in common is not a creditor's claim and that a complaint claiming rights in the property as a tenant in common is not an action by a creditor of the estate. The court noted that these were not claims that the estate was indebted to the parties seeking relief and that the actions merely sought to establish the parties' interests in specific property and to exclude that interest from the estates' inventories. *Smith*, 58 Wn.2d at 909; *Olsen*, 42 Wn.2d at 865-66. The *Olsen* court specifically stated,

> "To constitute a *claim against the estate of a deceased person*, an obligation must consist of a *debt* incurred by or for the decedent during his lifetime.
>
> "Where, on the other hand, the recovery of specific property is sought on the ground that such property is impressed with a trust for the benefit of the person claiming it, and the particular property is properly identified or traced, the matter is not one of claimed indebtedness but of an assertion that the

particular property is no part of the general assets of the estate. No claim, therefore, need be presented in such case as a condition to action to recover the property or impress it with the trust."

*Olsen*, 42 Wn.2d at 865 (emphasis added) (quoting 3 JAMES H. HENDERSON & CURTIS HILLYER, PROBATE PRACTICE § 772, at 512, § 778, at 526 (2d ed. 1950)). Similarly, the *Smith* court noted, "As we said in *Olsen* . . . , the filing of a creditor's claim is not a condition precedent to an action by a former spouse to recover his or her share of community property accumulated during the marriage, which was not disposed of by the decree." *Smith*, 58 Wn.2d at 909.

¶16 The Estate argues that *Barto v. Stewart*, 21 Wash. 605, 59 P. 480 (1899), establishes that the term "claim" has a broad meaning synonymous with " 'cause of action' " and that Witt's "claim" is therefore subject to RCW 11.40.010. *Barto* addressed whether an insolvent bank's receiver could bring a claim against a stockholder's estate to establish the stockholder's liability to the bank's creditors after the deadline to file a creditor's claim had expired. *Barto*, 21 Wash. at 612-13. The bank's receiver argued that his claim was not barred because it was a contingent claim and there had been "no way to ascertain what, if anything, would be due from" the estate before the filing deadline expired. *In re Estate of Earls*, 164 Wn. App. 447, 455, 262 P.3d 832 (2011) (citing *Barto*, 21 Wash. at 614). Unlike here, *Barto* did not involve a party filing a claim to ensure that his or her *own* property interest was not considered part of another's estate. Accordingly, although *Barto* suggests that the term "claim" should be interpreted liberally, it does not establish that Witt's action qualifies as "a claim against the decedent."

¶17 The Estate also asserts that case law establishes that the nonclaim statute must be strictly construed. But strict construction of the nonclaim statute does not establish that Witt's claim qualifies as a "claim against the decedent." RCW 11.40.010.

¶18 Nor do we find persuasive the Estate's argument that allowing claims that assert an interest in or ownership of property included in an estate would be detrimental and would lead to claims that could endure after the estate has been closed. As discussed above, Witt's claim is better characterized as challenging the inclusion of her property in the estate's inventory. An interested party may challenge an estate's inventory at any point of the probate proceedings. RCW 11.44.035.[9] But once the probate proceedings come to an end, an interested party would not normally have any ability to challenge the inclusion of property in the estate, so there is little risk of any such challenges enduring after the estate is closed.

¶19 Citing several cases, the Estate also suggests that because other similar cases have been brought as creditor's claims, Witt's claim must have been brought as a creditor's claim. Br. of Appellant at 16 (citing *Vasquez v. Hawthorne*, 145 Wn.2d 103, 33 P.3d 735 (2001)), 20 (citing *Latham v. Hennessey*, 87 Wn.2d 550, 554 P.2d 1057 (1976), *overruled in part by In re Marriage of Lindsey*, 101 Wn.2d 299, 678 P.2d 328 (1984); *In re Estate of Thornton*, 81 Wn.2d 72, 499 P.2d 864 (1972), *overruled in part by Lindsey*, 101 Wn.2d 299; *Humphries v. Riveland*, 67 Wn.2d 376, 407 P.2d 967 (1965)). But to the extent these cases involve claims similar to Witt's that were filed as creditor claims, none of these cases discusses whether the claims were properly filed as creditor claims. The Estate does not show that the mere fact some similar claims have been filed as creditor claims and that such filings were not challenged establishes that Witt's claim was a "claim against the decedent." RCW 11.40.010.

---

[9] RCW 11.44.035 provides:

In an action against the personal representative where the administration of the estate, or any part thereof, is put in issue and the inventory and appraisement of the estate by the personal representative is given in evidence, the same may be contradicted or avoided by evidence. Any party in interest in the estate may challenge the inventory and appraisement at any stage of the probate proceedings.

¶20 Citing *Compton v. Westerman*, 150 Wash. 391, 273 P. 524 (1928), the Estate next argues that Witt's claim is a "generalized claim against all assets" and not a claim against specific property. Br. of Appellant at 17. But *Compton* addressed a contractual agreement to repay a loan and collateral for the loan, it did not address a noncontractual property right. Thus *Compton* is not instructive here. To the extent Witt's property interests are potentially comingled with the Estate's property, this is an issue of characterizing the property that can be resolved at trial and it is not relevant to whether Witt's action was a "claim against the decedent." RCW 11.40.010.

¶21 The Estate also cites *Judson v. Associated Meats & Seafoods*, 32 Wn. App. 794, 651 P.2d 222 (1982), apparently for the argument that the nonclaim statute should be strictly enforced and not expanded by equitable considerations. But this case does not discuss whether claims addressing existing property interests rather than debts must be filed as creditor claims or whether such a claim is a "claim against the decedent." RCW 11.40.010.

¶22 Next, the Estate attempts to distinguish *Davis*, arguing that in *Davis*, a former wife was suing to recover her interest in *specific* community property that should have been distributed in the divorce proceedings. The Estate reads *Davis* too narrowly. The key factor in *Davis* was that the former wife was suing to recover *her* property and her claim was therefore not a claim for debt, nor was she a creditor. *Davis*, 135 Wash. at 126-27. Here, as in *Davis*, Witt claims that she has an interest in property acquired during her relationship with Young and her claim is in effect, and was actually titled, a claim for partition of property not a generalized claim of indebtedness. Again, the fact Witt's claim was not completely precise as to what property she contributed to during the relationship does not mean her claim was a claim against *Young*'s property rather than an attempt to protect *her* preexisting property interests in property she co-owned with Young.

¶23 We hold that instead of a creditor's claim subject to compliance with RCW 11.40.100(1) and the nonclaim statute, Witt's claim was not a "claim against the decedent" within the meaning of RCW 11.40.010. Accordingly, the trial court did not err when it denied the Estate's summary judgment motion.

¶24 We affirm.

PENOYAR, C.J., and HUNT, J., concur.

Reconsideration denied June 21, 2012.

Review denied at 175 Wn.2d 1026 (2012).