[No. 33634. Department Two. September 6, 1956.]

B. T. BAIRD *et al., Respondents,* v. A. P. KNUTZEN, *Appellant,* G. S. WILLIAMS *et al., Respondents.*[1]

[1]Reported in 301 P. (2d) 375.

*R. W. Greene* and *David E. Rhea,* for appellant.

MALLERY, J.—The defendants Knutzen owned eighty acres of timberland near Lake Whatcom. In order to log it, they needed an easement over plaintiffs' abutting land. In 1949, they entered into an acknowledged agreement by which plaintiffs granted them a logging right-of-way easement for a period of eight years, for which they agreed to pay fifty dollars a year rental and, after three years, to convey the eighty acres to plaintiffs by a warranty deed. They paid the first year's rental and no more. On two occasions, plaintiffs called them on the telephone and demanded the rental for the second year.

In 1951, plaintiffs had the written agreement recorded. In 1952, they went to see defendants Knutzens' attorney regarding the promised warranty deed to the eighty acres, but to no avail.

In 1953, the plaintiffs put a "Private Property" sign on the right of way, because they were going to California for a month and other parties were attempting to use the road.

In June, 1953, defendants Knutzen, in violation of the agreement, conveyed the eighty acres in question by warranty deed to defendants Williams. Mrs. Elida Knutzen died March 30, 1954.

The plaintiffs brought this action against defendants

Knutzen and their grantees, the Williamses, for specific performance of the contract to convey the eighty acres to them. The defendants Williams, in their answer to plaintiffs' complaint, sought to quiet title to the land in themselves and, in a cross-complaint against Knutzen, sought damages if specific performance were granted the plaintiffs.

(1) The court decreed that the Williams' title was null and void *ab initio* and ordered defendant Knutzen to convey the eighty acres to the plaintiffs by warranty deed. (2) It gave defendants Williams a money judgment against Knutzen in the amount of the purchase price they had paid him for the land and costs.

The defendant Knutzen appeals from both judgments.

The appellant has made four assignments of error against the findings of fact made by the trial court, five against its conclusions of law, seven against the court's refusal to make appellant's requested findings of fact, and three against the trial court's refusal to make appellant's requested conclusions of law. We find that the record supports the trial court as to each of these assignments of error.

■ The appellant assigns as error the admission in evidence of a *copy* of a letter written by respondents Bairds' attorney to the appellant without first making a demand to produce the original. In it, the respondents demanded the accrued rental as provided for in the written agreement. The admission of the attorney's copy without a prior demand for the original, was not error because the appellant, when he was called as an adverse witness, admitted he had received the original letter.

■ The appellant contends that respondents Baird cannot maintain the action because they did not file a claim in the probate proceedings of the estate of Elida Knutzen, as required by RCW 11.40.010 [*cf.* Rem. Rev. Stat., § 1477].

An action for specific performance of a contract is not within the purview of the statute. *Southwick v. Southwick,* 34 Wn. (2d) 464, 208 P. (2d) 1187.

■ The appellant contends that respondents cannot maintain their action for specific performance because of their inequitable conduct in closing the right-of-way road,

thereby breaching the contract and forfeiting all of their rights under it. There is no merit to this contention. The court found from the disputed evidence that respondents had performed the terms of the contract. The right of way was not a public road, and fencing or closing it to the *public* was not inconsistent with appellant's *private* easement.

██ The appellant contends specific performance cannot be granted because defendants Williams were purchasers in good faith prior to the commencement of the action. The defendants Williams purchased the property from appellant after the contract in question had been recorded. Such a recording was notice of respondents' rights under the contract, and as subsequent purchasers the Williamses took subject to it.

"One purchasing property with notice that the grantor has contracted to convey it to another may be compelled to perform the contract in the same manner and to the same extent as his grantor would have been liable to do had he not transferred the legal title." 49 Am. Jur. 171, § 148.

The judgment is affirmed.

HILL, WEAVER, and ROSELLINI, JJ., concur.