[No. 536-3. Division Three. November 16, 1972.]

C. W. McWHORTER, *Respondent*, v. DANIEL F. BUSH, *as Executor, Appellant.*

R. JAMES COLLING, *Respondent*, v. DANIEL F. BUSH, *as Executor, Appellant.*

*Keith S. Bergman,* for appellant.

*John F. Campbell* (of *Cullen, Campbell & Wightman*), for respondent.

MUNSON, C.J.—Defendant Daniel F. Bush, executor of the estate of F. Miles Bush, appeals from an allowance of claims against the Bush estate.

F. Miles Bush died August 2, 1970; thereafter a probate action was filed in the Spokane County Superior Court. Plaintiffs filed separate creditor's claims in the estate for the return of, or reimbursement for, mining stock allegedly loaned for an indefinite time to the deceased during his lifetime. Although the record does not reflect the stock was not available for return, we assume defendant could not return the stock itself. After rejection of these claims by the executor, plaintiffs brought these actions against the estate in the Superior Court for Spokane County. The trial court found for plaintiffs and awarded monetary damages.

Defendant first contends the trial court erred in denying his motion to dismiss wherein he claimed plaintiffs failed to properly and timely file their actions in the superior court. This contention is based on the fact that plaintiffs filed the actions in the existing probate rather than filing them as separate civil causes.

RCW 11.40.060[1] requires that suits upon rejected claims be brought "in the proper court" within 30 days of notice of rejection. The "proper court" in this instance is the superior court; this probate and the actions on the rejected claims were filed in the superior court. To commence such actions, plaintiffs should have filed separate civil actions and paid the required filing fees, *Rutter v. Rutter*, 59 Wn.2d 781, 784, 370 P.2d 862 (1962); *Schluneger v. Seattle First-Nat'l Bank*, 48 Wn.2d 188, 190, 292 P.2d 203 (1956). Plaintiffs complied with this statute by filing their actions within the 30-day period. Defendant received proper

---

[1]"Suit on rejected claim. When a claim is rejected by either the personal representative or the court, the holder must bring suit in the proper court against the personal representative within thirty days after notification of the rejection, otherwise the claim shall be forever barred."

notice thereof and had an opportunity to, and did, defend. Defendant's substantial rights, therefore, have been completely protected. The validity of the procedure should not depend upon the mere observance of form, but rather upon whether substantial rights have been protected. *See Purnell v. Simonyi,* 51 Del. 139, 140 A.2d 256, 258 (1958); *Lindsay Great Falls Co. v. McKinney Motor Co.,* 79 Mont. 136, 255 P. 25 (1927); 1 C.J.S. *Actions* § 123 at 1386, note 46 (1936). Here, the fact that the superior court clerk has one series of numbers for probate matters and another series for regular civil actions does not mean that the case was not filed in the superior court. Probate proceedings are properly within the jurisdiction of the superior court. We find any error resulting from this failure to file separate actions was harmless; defendant was not prejudiced.

Defendant next contends that the computation of damages by the trial court is not supported by substantial evidence. Plaintiff McWhorter was awarded $4,620 as value for 3,300 shares of stock in Gold Placers, Inc.; plaintiff Colling was awarded $1,600 as value for 10,000 shares of stock in Superior Silver Mines, Inc.

No findings of fact or conclusions of law were entered showing the basis for the trial court's computations of these damages. By our mathematical computation we discern the trial court may have used the bid-and-ask prices for these particular stocks on or near the dates when the stocks were first loaned to the deceased; no other evidence in the record supports the amount of damages awarded. Nothing indicates plaintiffs expected, or had any reason to expect, the stock would have the same value when returned as it had when loaned. Findings establishing the basis for awarding the amount of damages are, therefore, insufficient.

We must remand the case for the purpose of taking further evidence, and/or entry of findings of fact and conclusions of law, establishing the basis and method of computing damages. *Peterson v. Neal,* 48 Wn.2d 192, 292 P.2d 358

834

(1956); *Bowman v. Webster,* 42 Wn.2d 129, 253 P.2d 934 (1953).

Judgment is affirmed in part, reversed in part and remanded to the trial court for further action consistent with this opinion.

GREEN and EDGERTON, JJ., concur.