# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION  II

| | |
|---|---|
| ELIZABETH BARTLETT, an individual, | No.  56536-6-II |
| Appellant, | |
| v. | |
| ESTATE OF ROBERT PARMAN, | UNPUBLISHED OPINION |
| Respondent. | |

LEE, J. — Elizabeth Bartlett appeals the superior court's order dismissing Elizabeth's[1] complaint against the Estate of Robert Parman (Robert's Estate) as untimely, along with the superior court's denial of a motion to reconsider its order of dismissal.  Elizabeth also appeals the superior court's order granting fees and costs to Robert's Estate on the basis of frivolousness under RCW 4.84.185.

Because any potential claims Elizabeth may have against Robert's Estate have expired, we affirm the superior court's order dismissing Elizabeth's complaint and denial of reconsideration. And because Elizabeth's continued litigation against Robert's Estate is frivolous, we also affirm the superior court's award of costs and fees based on frivolousness.

FACTS

Elizabeth Bartlett and Shawn Parman married in 1986.  Shawn's parents were Robert and Ruth Parman, both now deceased.

---

[1]  We refer to the parties by their first names for clarity.  No disrespect is intended.

In 1997, Elizabeth and Shawn bought a 7.1-acre property in Olympia, Washington, known as the Renata Lane Property. Elizabeth intended to construct a horse ranch on the property. She asserts that she bought the property with separate gift money from her parents, but she deposited the funds into a joint checking account she had with Shawn and used the funds from that account to purchase the property.

Robert and Ruth moved in with Shawn and Elizabeth in 1997. In 1998, Robert, Ruth, Shawn, and Elizabeth agreed to build a home together on the Renata Lane Property where both couples, along with Shawn and Elizabeth's young sons, would live. According to Elizabeth, the agreement was a joint venture between the two couples. The agreement was not put into writing at the time.

In 2000, Shawn and Elizabeth conveyed the Renata Lane Property to Robert and Ruth via quitclaim deed. They also executed a Joint Venture and Joint Venture Dissolution Agreement. The Joint Venture and Joint Venture Dissolution Agreement stated:

> Shawn Parman and Elizabeth Parman have insufficient funds to contribute anything further to the joint venture agreement and, accordingly, are unable to continue to participate therein.
>
> . . . .
>
> . . . [I]t is agreed that this joint venture shall be terminated and in exchange for completing the property and funding the same to completion, and holding Shawn and Elizabeth Parman harmless from any financial responsibility, Shawn and Elizabeth Parman will quit claim all right, title and interest in the subject property to Ruth and Robert Parman as their sole and separate property and this joint venture will then be dissolved.

Clerk's Papers (CP) at 281-82.

Elizabeth asserts that the Joint Venture and Joint Venture Dissolution Agreement obligated Robert and Ruth, upon their death, to convey one-half of the property to her and one-half of the property to Shawn.

In 2001, Shawn and Elizabeth filed a Chapter 7 bankruptcy, for which they received a discharge. They did not list the Renata Lane Property as an asset.

In 2004, Robert and Ruth executed parallel wills that conveyed their interest in the Renata Lane Property to one another, and then 50% of the property to Elizabeth after the last to die. In 2005, Robert passed away. Despite having no ownership interest, Elizabeth continued to make improvements to the property over the next several years.

In 2016, Shawn and Elizabeth separated, and in 2017, they divorced. Neither Shawn nor Elizabeth listed the Renata Lane Property as an asset in their divorce decree. Following Shawn and Elizabeth's divorce, Ruth updated her will to convey 100% of her interest in the Renata Lane Property to Shawn.

In 2018, Elizabeth filed a complaint[2] in Thurston County against Ruth and Shawn, alleging (1) a joint venture/partnership, (2) estoppel, (3) unjust enrichment, (4) negligent/intentional misrepresentation, and (5) tortious interference with contract/business expectancy. Elizabeth sought a judgment against Shawn and Ruth in the value of expenditures and contributions Elizabeth made to the Renata Lane Property. Ruth passed away in 2019 and Ruth's estate was substituted for her in the 2018 lawsuit.[3]

---

[2] *Parman v. Parman*, Thurston County Superior Court Cause No. 18-2-03269-34.

[3] When Elizabeth filed this appeal, her action against Shawn and Ruth's estate was still pending.

In September 2020, Shawn probated Robert's estate in King County and was appointed as personal representative. Robert's original will was not presented, and he was presumed to have died intestate.[4] On September 26, as personal representative for Robert's Estate, Shawn quitclaimed Robert's interest in the Renata Lane Property to Ruth's estate.

In October 2020, Elizabeth filed a creditor's claim in accordance with RCW 11.40.070 in King County against Robert's Estate for $375,000. Robert's Estate rejected Elizabeth's claim, and in November 2020, she filed a complaint against Robert's Estate, alleging (1) joint venture/partnership, (2) estoppel, (3) unjust enrichment, and (4) inequitable conduct. Robert's Estate filed a motion to dismiss under CR 12(b)(6) and CR 56(c). The King County Superior Court denied Robert's Estate's motion to dismiss and ordered that venue be transferred to Thurston County Superior Court. The King County superior court judge stated:

> The resolution of Elizabeth's lawsuit against Ruth's estate (Thurston Co.) and Elizabeth's lawsuit against Robert's estate (King Co.)—which both implicate *claims against Ruth's and Robert's marital community*—involve numerous, common issues of fact and of law. It would be a waste of the parties' resources, and judicial resources, to litigate those issues twice. More important, the parties agree that if the Court makes a substantive ruling here, the parties will then argue to [the Thurston County Superior Court judge] about what the King County ruling means, or should mean, in the Thurston County case (e.g., claim or issue preclusion). Rather than going through that whole exercise, it is far more effective

---

[4] After the superior court dismissed Elizabeth's suit against Robert's Estate, Elizabeth presented a copy of Robert's will as an attachment to her declaration in support of her motion for reconsideration and in opposition to Robert's Estate's motion for attorney fees. After this appeal was filed, Robert's Estate moved to strike a portion of Elizabeth's declaration and to seal the copy of Robert's 2004 will attached to the declaration. Allegedly, Dan Young, Elizabeth's attorney, contacted Althauser Rayan & Abbarno, LLP, the custodian of Robert's will, and identified himself as an attorney for Robert's estate and requested Robert's will. Althauser Rayan & Abbarno emailed a copy of the will to Young. Elizabeth's declaration stated that she had obtained Robert's will from John Turner, Robert's estate attorney in 2004, who has since retired and who has not been in communication with any of the parties. The superior court granted Robert's Estate's motion to strike.

and efficient for [the Thurston County Superior Court judge] to make all the substantive rulings as to both estates and as to Ruth's and Robert's marital community. . . . The proper administration of justice is best served by transferring venue for this case to Thurston County.

CP at 247-48 (emphasis in original).

Once the venue for Elizabeth's action against Robert's Estate transferred to Thurston County, Robert's Estate again filed a motion to dismiss pursuant to CR 12(b)(6) and CR 56(c). The superior court granted Robert's Estate's motion on the basis that Elizabeth was time-barred from filing a creditor's claim under the statute of limitations pursuant to RCW 11.40.051(c). The superior court stated:

> [W]hile there is a request for equitable relief, the claim is tied to an argument based upon an alleged joint venture and partnership agreement between the four parties and seeking some kind of enforcement against those claims. So to the extent there is an effort in this case by Elizabeth Bartlett against the estate of Robert Parman, it's based upon some form of allegation that Robert Parman breached a joint venture or partnership agreement that's alleged. And given that characterization, . . . it makes this a claim against the decedent, and . . . under the statutes and the case law interpreting the statutes, that makes the claim subject to either 24 months from the death of Robert or three years with the most generous. In either case, it's not timely.

Verbatim Report of Proceedings (Oct. 22, 2021) at 22. After dismissal of Elizabeth's complaint against Robert's Estate, Shawn closed probate of Robert's estate.

In November 2021, Elizabeth moved for reconsideration, which the superior court denied. Based on Robert's Estate's motion, the superior court awarded Robert's Estate attorney fees and costs pursuant to RCW 4.84.185, which provides fees to a prevailing party if the non-prevailing party advances a frivolous claim. In support of its award of attorney fees and costs to Robert's Estate, the superior court made, in part, the following findings of fact:

5

4. Under RCW [11.40.051], claims, whether contingent, known, or unknown, must brought against a decedent's estate within two years of the decedent's death or are forever barred.

5. Elizabeth as a creditor is permitted to commence a probate for the purpose of perfecting a creditor claim against a decedent. RCW 11.28.120(6).

6. This limitations period cannot be waived.

7. The foregoing points of law are so ingrained in Washington law that they appear in both the Washington State Bar Association's 2005 and 2020 Probate Deskbooks.

8. If Elizabeth was not aware of the law when she filed and served her Complaint in October 2020, she was made aware of it on November 24, 2020, when Shawn Parman filed and served a Motion to Dismiss.

9. On December 1, 2020, Shawn notified Elizabeth that he intended to seek attorneys' fees based on the lawsuit being frivolous, but also based under RCW 11.96A.150, which relates to attorneys' fees in estate litigation.

10. Elizabeth's Complaint was frivolous and advanced without reasonable cause because there is no rational argument that can be advanced, nor were there any rational arguments made, to support a claim against Robert Parman more than fifteen years after he died.

CP at 710-11.

Elizabeth appeals.

## ANALYSIS

A.    DISMISSAL OF COMPLAINT

Elizabeth appeals the superior court's dismissal of her complaint on summary judgment and the superior court's denial of her motion for reconsideration. Specifically, Elizabeth argues that summary judgment was improper because her claim against Robert's Estate is for "specific property" and "specific performance," and is, therefore, not subject to the statute of limitations under RCW 11.40.051(c). Br. of Appellant at 24-25 (italics omitted). We disagree.

1. Legal Principles

Appellate courts review summary judgment decisions de novo. *Shanghai Com. Bank Ltd. v. Kung Da Chang*, 189 Wn.2d 474, 479, 404 P.3d 62 (2017). Summary judgment is appropriate when there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law. CR 56(c). Courts construe all facts and inferences in favor of the nonmoving party. *Michael v. Mosquera-Lacy*, 165 Wn.2d 595, 601, 200 P.3d 695 (2009). A genuine issue of material fact exists when reasonable minds could reach different conclusions. *Id.* "Mere allegations or conclusory statements of facts unsupported by evidence do not sufficiently establish such a genuine issue." *Discover Bank v. Bridges*, 154 Wn. App. 722, 727, 226 P.3d 191 (2010).

We review a denial of a motion for reconsideration for abuse of discretion. *Dynamic Res., Inc. v. Dep't of Revenue*, 21 Wn. App. 2d 814, 824, 508 P.3d 680 (2022). A superior court abuses its discretion if its decision is manifestly unreasonable or based on untenable grounds. *West v. Dep't of Licensing*, 182 Wn. App. 500, 516, 331 P.3d 72, *review denied*, 181 Wn.2d 1027 (2014). Additionally, "an appellate court can sustain the trial court's judgment upon any theory established by the pleadings and supported by the proof, even if the trial court did not consider it." *LaMon v. Butler*, 112 Wn.2d 193, 200-01, 770 P.2d 1027, *cert. denied*, 493 U.S. 814 (1989).

2. RCW 11.40.051(c)

Elizabeth argues the trial court erred because her claim is for specific performance or recovery of specific property, which is a "well-recognized and long-established exception" to the filing of a creditor's claim and its statute of limitations in RCW 11.40.051(c). Br. of Appellant at 22.

7

Chapter 11.40 RCW prescribes the form and manner of claims a creditor may make against a decedent and his or her estate. RCW 11.40.051 provides time limits for claims:

> (1) Whether or not notice is provided under RCW 11.40.020, a person having a claim against the decedent is forever barred from making a claim or commencing an action against the decedent, if the claim or action is not already barred by an otherwise applicable statute of limitations, unless the creditor presents the claim . . . within the following time limitations:
> . . . .
> (c) If notice was not provided under this chapter or chapter 11.42 RCW, the creditor must present the claim within twenty-four months after the decedent's date of death.

Washington's creditor statute "encompasses every species of liability a personal representative can be called upon to pay out of the estate's general funds." *Hines REIT Seattle Design Ctr., LLC v. Wolf*, 164 Wn. App. 447, 448, 262 P.3d 832 (2011). The statute applies to obligations, or debts, that the decedent incurred during his or her lifetime, but that are not due at the time of death or even at the expiration of the creditor's claims filing period. *Id.*

When the claim is one for property in which the claiming party has an *existing* property interest that is not a debt, it is not a claim against the decedent and chapter 11.40 RCW does not apply. *See O'Steen v. Estate of Wineberg*, 30 Wn. App. 923, 934, 640 P.2d 28, *review denied*, 97 Wn.2d 1016 (1982) ("[T]he claim was for a specific percentage of stock in a corporation that William Wineberg held for plaintiffs as a trustee. . . . The nonclaim statute does not apply."); *Witt v. Young*, 168 Wn. App. 211, 218, 275 P.3d 1218, *review denied*, 175 Wn.2d 1026 (2012) ("[A] claim for property as a tenant in common is not a creditor's claim and that a complaint claiming rights in the property as a tenant in common is not an action by a creditor of the estate."); *Porter v. Boisso*, 188 Wn. App. 286, 296, 354 P.3d 892, *review denied*, 184 Wn.2d 1022 (2015) ("Mr. Porter's claims for specific performance and declaratory judgment asserted his property interest as

vendee under an alleged real estate contract. . . . Mr. Porter's claims for specific performance and declaratory judgment were not claims against a decedent within the meaning of the nonclaim statute.").

Elizabeth argues that her action against Robert's Estate "relate[s] to claims for the recovery of *specific property* . . . and are not governed by time limits contained in the nonclaim statute." Br. of Appellant at 25 (emphasis in original) (underlining omitted). But Elizabeth's argument is not supported by the record.

Here, the record shows Elizabeth does not have any existing interest in or right to the Renata Lane property. She and Shawn conveyed the property to Robert and Ruth by quitclaim deed in 2000. She and Shawn did not list the Renata Lane property as an asset on their bankruptcy petition in 2001, nor did they list any interest in the Renata Lane property. Debtors who fail to list claims, including unliquidated and contingent claims, during bankruptcy proceedings cannot later pursue those claims. *Bartley-Williams v. Kendall*, 134 Wn. App. 95, 98-99, 138 P.3d 1103 (2006).

Furthermore, neither Elizabeth nor Shawn listed the Renata Lane property as a marital asset in their divorce decree, nor did they list any interest in the Renata Lane property. There is no evidence that Robert was a trustee of the Renata Lane property for Elizabeth's benefit. And Elizabeth at no point became a tenant in common with Robert or Ruth. Moreover, Elizabeth did not have any outstanding real estate contract with either Robert or Ruth.

Elizabeth's assertions that the time limits of RCW 11.40.051 do not apply because she has a claim to specific property or specific performance,[5] along with the case law she cites, are entirely

---

[5] Elizabeth conflates "specific property" and "specific performance."

premised upon an ownership right that Elizabeth does not possess, and in fact, voluntarily signed away in 2001. Conclusory statements that Elizabeth has an interest in the property do not create a genuine issue of material fact. *See Discover Bank*, 154 Wn. App. at 727.

Elizabeth's claim against Robert's Estate is that Robert incurred a debt during his lifetime, based on a purported breach of an alleged joint venture. Elizabeth's complaint seeks "[j]udgment against defendant Estate of Robert Parman in the amount of the value of all expenditures and contributions [Elizabeth] has made in connection with acquiring and improving the Renata Lane property." CP at 546. Elizabeth's claim, then, is a claim against the decedent. *Hines REIT Seattle Design Ctr., LLC*, 164 Wn. App. at 448. Therefore, RCW 11.40.051 and its two-year statute of limitations applies.

Robert passed away in 2005. Elizabeth filed a creditor's claim in 2020. Because Elizabeth filed a claim 15 years after Robert's death, and not within the two-year claims period required by RCW 11.40.051, Elizabeth's claim was untimely. The superior court did not err in dismissing Elizabeth's claim on summary judgment for untimeliness, nor did the superior court err in denying Elizabeth's motion for reconsideration.[6]

---

[6] To the extent Elizabeth argues that RCW 11.40.070(4) applies and any statute of limitations does not apply to her equitable claims, her argument is not persuasive. Elizabeth does not have a viable claim against Robert's Estate. Elizabeth concedes that "Robert Parman was never in breach of his promise and is completely blameless, so Elizabeth had no claim whatsoever against Robert Parman personally at the time of his death, or even now." Br. of Appellant at 3-4. To the extent that Elizabeth has a claim, that claim is against Ruth's estate and is already being litigated in another case. Duplicate claims must be dismissed. *See Hurley v. Port Blakely Tree Farms LP*, 182 Wn. App. 753, 769-70, 332 P.3d 469 (2014), *review denied*, 182 Wn.2d 1008 (2015).

B.       ORDER GRANTING ATTORNEY FEES AND COSTS FOR FRIVOLOUS LAWSUIT

Elizabeth argues the superior court erred when it determined that her lawsuit against Robert's Estate was frivolous and when it awarded attorney fees and costs in favor of Robert's Estate.  Elizabeth challenges the superior court's findings of fact (FOF) 4-10 in the order granting fees and costs as they relate to a finding of frivolousness.  We affirm the superior court's award of costs and fees based on frivolousness.

RCW 4.84.185 provides, "[T]he court having jurisdiction may, upon written findings by the judge that the action . . . was frivolous and advanced without reasonable cause, require the nonprevailing party to pay the prevailing party the reasonable expenses, including fees of attorneys."  The purpose of the statue is to discourage frivolous lawsuits.  *Timson v. Pierce County Fire Dist. No. 15*, 136 Wn. App. 376, 386, 149 P.3d 427 (2006).  An action is frivolous if it cannot be supported by any rational argument.  *See id.*  "The decision to award attorney fees as a sanction for a frivolous action is left to the discretion of the trial court," and this court reviews a trial court's award of attorney fees under RCW 4.84.185 for abuse of discretion.  *Jeckle v. Crotty*, 120 Wn. App. 374, 387, 85 P.3d 931, *review denied*, 152 Wn.2d 1029 (2004); *Dave Johnson Ins. v. Wright*, 167 Wn. App. 758, 786, 275 P.3d 339, *review denied*, 175 Wn.2d 1008 (2012).

Appellate courts review findings of fact under a substantial evidence standard and conclusions of law de novo.  *State v. Homan*, 181 Wn.2d 102, 105-06, 330 P.3d 182 (2014).  "Under the substantial evidence standard, there must be a sufficient quantum of evidence in the record to persuade a reasonable person that the declared premise is true."  *Wenatchee Sportsmen Ass'n v. Chelan County*, 141 Wn.2d 169, 176, 4 P.3d 123 (2000).

"A conclusion of law erroneously described as a finding of fact is reviewed as a conclusion of law." *Willener v. Sweeting*, 107 Wn.2d 388, 394, 730 P.2d 45 (1986). Likewise, a "finding of fact erroneously described as a conclusion of law is reviewed as a finding of fact." *Id.*

1.    Finding of Fact 4

FOF 4 states, "Under RCW [11.40.051], claims, whether contingent, known, or unknown, must be brought against a decedent's estate within two years of the decedent's death or are forever barred." CP at 710. Elizabeth's challenge to FOF 4 is that is it an erroneous conclusion of law.

Elizabeth is correct that FOF 4 is a conclusion of law, not a finding of fact as labelled. Accordingly, we review FOF 4 de novo. *Willener*, 107 Wn.2d at 394.

Elizabeth argues that FOF 4 is erroneous because it "does not accurately account for the exceptions which apply to the application of the nonclaim statute." Br. of Appellant at 45. But FOF 4 is an accurate statement of the law. RCW 11.40.051 does not list any exceptions; it either applies or it does not. *See Witt*, 168 Wn. App. at 218 (holding that the nonclaim statute does not apply to a person filing a claim on their own community property interest); *Baird v. Knutzen*, 49 Wn.2d 308, 310, 301 P.2d 375 (1956) ("An action for specific performance of a contract is not within the purview of the [nonclaim] statute."). Elizabeth does not cite to any provisions within the statute that list exceptions. The superior court did not err in its entry of FOF 4.

2.    Finding of Fact 5

FOF 5 states, "Elizabeth as a creditor is permitted to commence a probate for the purpose of perfecting a creditor claim against a decedent" under RCW 11.28.120(6). CP at 710. RCW 11.28.120(6) provides that should a personal representative of a decedent's intestate estate decline or be unable to administer the estate, a creditor is entitled to commence probate.

12

Elizabeth argues that FOF 5 "is really another conclusion of law" and is erroneous because her designation as a creditor of Robert's Estate is not applicable. Br. of Appellant at 45-46. Elizabeth is again correct that FOF 5 is a conclusion of law. Therefore, we review FOF 5 de novo.

Elizabeth's claim is that Robert incurred a debt during his lifetime, based on a purported breach of a joint venture, making her a creditor under the nonclaim statute. *Hines REIT Seattle Design Ctr., LLC*, 164 Wn. App. at 448. However, Elizabeth contradicts herself by stating, "Robert never breached the agreement, so could not be liable, if at all, for *Ruth*'s subsequent breach until the time of her death." Br. of Appellant at 46 (emphasis added). Elizabeth's reasoning highlights the frivolousness of her argument: she asks to be treated as a creditor but then disavows her creditor status and the applicability of the statute she filed a claim under. Because Elizabeth does not possess any interest in the Renata Lane property, the superior court properly treated Elizabeth as a creditor because she sought recovery of funds from Robert's Estate (i.e., a debt). Thus, FOF 5 is an accurate statement of the law. The superior court did not err in its entry of FOF 5.

3.     Finding of Fact 6

FOF 6 states, "This limitations period cannot be waived." CP at 711. Elizabeth argues that the superior court erred in entering FOF 6 because it "is really another conclusion of law" and "the limitations period simply does not apply due [to] a long-standing and well-recognized exception." Br. of Appellant at 47. She also argues that the nonclaim statute does not preclude her estoppel argument because under RCW 11.40.070(4), the statute does not limit application "of the doctrines of waiver, estoppel, or detrimental claims or any other equitable principle." RCW

11.40.070(4). Because FOF 6 is actually a conclusion of law and Elizabeth makes a legal challenge, we review FOF 6 de novo.

Regardless of whether an equitable claim affects the applicable limitations period, Elizabeth does not have a viable estoppel claim against Robert's Estate. Elizabeth concedes that "Robert Parman was never in breach of his promise and is completely blameless, so Elizabeth had no claim whatsoever against Robert Parman personally at the time of his death, or even now." Br. of Appellant at 3-4. Thus, to the extent Elizabeth has any claim, it is against Ruth's estate, which is being litigated in another case. Therefore, any alleged erroneous entry of FOF 6 is harmless.

4.      Finding of Fact 7

FOF 7 states, "The foregoing points of law are so ingrained in Washington law that they appear in both the Washington State Bar Association's 2005 and 2020 Probate Deskbooks." CP at 711. Elizabeth asserts the superior court erred in entering FOF 7 because it is an "inaccurate argumentative assertion not based on or supported by . . . the law." Br. of Appellant at 47. Relying on the 2005 and 2020 Washington State Bar Association Probate Deskbooks, Elizabeth argues that "[b]oth deskbooks list numerous exceptions which significantly undermine the points of law that are allegedly so 'ingrained.'" Br. of Appellant at 48.

The crux of Elizabeth's assignment of error to FOF 7 is that the "ingrained" law provides for numerous exceptions to the nonclaim statute that are applicable to her claims. Elizabeth's repeated attempts to assert that the exceptions to the nonclaim statute precludes application of the two-year statute of limitations fails because Elizabeth does not possess any interest in the Renata Lane property. Accordingly, her purported claim is against Robert's Estate and the limitations period in the nonclaim statute applies to her.

14

Elizabeth also argues that *Runkle v. Bank of California*, 26 Wn. App. 769, 614 P.2d 226, *review denied*, 94 Wn.2d 1018 (1980), a case cited in both deskbooks, precludes a finding of frivolousness. In *Runkle*, the plaintiff appealed a summary judgment dismissal of a complaint that sought specific performance of a contract. 26 Wn. App. at 771. There, the court held the nonclaim statute was inapplicable because the claim arose after the decedent's death. *Id.* at 773. However, *Runkle* has since been criticized:

> The court in *Runkle* ignored the Supreme Court authority establishing that the nonclaim statute applies to a claim which arises out of a contractual obligation incurred during the decedent's lifetime, and the court's conclusion is contrary to this authority. Further . . . the *Runkle* court's analysis is contrary to the structure of the Probate Code, which suggests that a claim must be filed or it will be barred, even where the claim is not yet due. *Runkle* is inconsistent with controlling Supreme Court authority and was wrongly decided.

*Hines REIT Seattle Design Ctr., LLC*, 164 Wn. App. at 457.

Elizabeth's reference to *Runkle* is inapposite. First, the facts of *Runkle* are different than the facts here—in *Runkle*, there was an actual contract claim. Elizabeth does not make a clear breach of contract, or will contract, claim anywhere in her briefing. While *Runkle* has not been overturned, *Runkle* is inconsistent with controlling Supreme Court authority. Further, citation to a case that happens to be referenced in a deskbook does not preclude a finding of frivolousness.

Elizabeth's arguments that the superior court erred in concluding that the points of law made in FOF 4-6 appear in both deskbooks because they are ingrained in Washington law are unpersuasive. The superior court did not err in entering FOF 7.

5. Finding of Fact 8

FOF 8 states, "If Elizabeth was not aware of the law when she filed and served her Complaint in October 2020, she was made aware of it on November 24, 2020, when Shawn Parman

filed and served a Motion to Dismiss." CP at 711. Elizabeth argues that the superior court erred in entering FOF 8 because her awareness of the law and "recognizing the circumstances under which it should be applied are two different things." Br. of Appellant at 49. She asserts that FOF 8 assumes a single interpretation of the nonclaim statute which does not recognize "exceptions." Br. of Appellant at 49.

Again, RCW 11.40.051 does not list any exceptions. Like with Elizabeth's challenge to FOF 7, her challenge to FOF 8 is merely a repeat of her argument that exceptions to the nonclaim statute apply to her claims. Again, there are no exceptions to the nonclaim statute that apply to her claims. And because Elizabeth does not possess any interest in the Renata Lane property, her claim is against Robert's Estate and the nonclaim statute applies to her. Therefore, there is no rational argument Elizabeth can make that the two-year statute of limitations of RCW 11.40.051 does not apply.

Elizabeth also argues that in light of the King County superior court's denial of Robert's Estate's motion to dismiss, Robert's Estate now asks a different court to make a different ruling. Elizabeth misconstrues the King County superior court's denial of Robert's Estate's motion to dismiss. The King County superior court denied Robert's Estate's motion in order to transfer venue to Thurston County, stating, "It would be a waste of the parties' resources, and judicial resources, to litigate those issues twice." CP at 247. Contrary to Elizabeth's representations, the King County superior court did not deny Robert's Estate's motion because it found issues of material fact nor did it make any substantive rulings on the issues raised in Robert's Estate's motion to dismiss. The superior court did not err in entering FOF 8.

6.      Finding of Fact 9

FOF 9 states, "On December 1, 2020, Shawn notified Elizabeth that he intended to seek attorneys' fees based on the lawsuit being frivolous, but also based under RCW 11.96A.150, which relates to attorneys' fees in estate litigation." CP at 711. Shawn's counsel sent a letter to Elizabeth on December 1, 2020, to this effect. Elizabeth argues the superior court erred in entering FOF 9 because the "'notice'" of frivolousness Elizabeth received was actually "an offer in compromise" and, therefore, is inadmissible under ER 408. Br. of Appellant at 50. Accordingly, Elizabeth asserts that the letter was "not a proper basis upon which to award attorney's fees." Br. of Appellant at 50.

Under ER 408, evidence of offers or attempts to compromise are inadmissible to prove liability for or invalidity of a disputed claim. However, a compromise offer may be admissible for other purposes. ER 408.

Here, the superior court did not rely on FOF 9 to support its frivolousness ruling. Rather, the superior court relied on the letter merely to support its finding that Elizabeth had notice that Robert's Estate considered her claims frivolous and would seek attorney fees if she pursued her claims. Elizabeth does not dispute that she received the letter. Because the superior court relied on the letter to find notice rather than as evidence that Elizabeth's claims were frivolous, the superior court did not err in entering FOF 9.

7.      Finding of Fact 10

FOF 10 states, "Elizabeth's Complaint was frivolous and advanced without reasonable cause because there is no rational argument that can be advanced, nor were there any rational arguments made, to support a claim against Robert Parman more than fifteen years after he died."

17

CP at 711. Elizabeth challenges FOF 10 as "another conclusion of law" and asserts that her argument that an exception exists for "specific performance or recovery of *specific property*" is "rational." Br. of Appellant at 51 (emphasis in original). Elizabeth is correct that FOF 10 is a legal conclusion. Therefore, we review FOF 10 de novo.

Again, RCW 11.40.051 does not list any exceptions. Elizabeth's repeated attempts to assert that the exceptions to the nonclaim statute preclude application of the two-year statute of limitations fail because Elizabeth does not possess any interest in the Renata Lane property, which means her claim is against Robert's Estate and the nonclaim statute applies. And, by her own admission, Elizabeth has "no claim whatsoever against Robert Parman." Br. of Appellant at 4. Therefore, the nonclaim statute applies, and Elizabeth cannot advance any rational argument that she can bring a suit against Robert's Estate 15 years after Robert's death. Accordingly, the superior court did not err in entering FOF 10.

## C.     ATTORNEY FEES ON APPEAL

Robert's Estate requests attorney fees on appeal pursuant to RAP 18.1, RCW 11.96A.150(1)(a), and RCW 4.84.185. In the alternative, Robert's Estate requests fees under RAP 18.9.

RAP 18.1 provides a party the "right to recover reasonable attorney fees or expenses on review" before this court, so long as the party requests the fees and "applicable law" grants the right to recover. RAP 18.1(a). We award appellate attorney fees to the prevailing party "'only on the basis of a private agreement, a statute, or a recognized ground of equity.'" *Tedford v. Guy*, 13 Wn. App. 2d 1, 17, 462 P.3d 869 (2020) (quoting *Equitable Life Leasing Corp. v. Cedarbrook, Inc.*, 52 Wn. App. 497, 506, 761 P.2d 77 (1988)).

Chapter 11.96A RCW pertains to trust and estate dispute resolution and allows the prevailing party to be awarded costs and fees. RCW 11.96A.150(1)(a) provides, "Either the superior court or any court on an appeal may, in its discretion, order costs, including reasonable attorneys' fees, to be awarded to any party. . . [f]rom any party to the proceedings." Robert's Estate is the prevailing party in this appeal, and we award Robert's Estate costs and fees of this appeal.

## CONCLUSION

We affirm the superior court's dismissal of Elizabeth's complaint on summary judgment, its denial of her motion for reconsideration, and its order for attorney fees under RCW 4.84.185. We also award Robert's Estate its attorney fees on appeal.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Lee, J.

We concur:

Glasgow, CJ

Cruser, J.